**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISIE FIER WILLIAMS,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-2500** |
| **v.** | : | **(JUDGE MANNION)** |
| **CRAIG LOWE, *et al.*,** | : | |
| **Respondents.** | : | |

# MEMORANDUM

Pending before the Court is Chrisie Fier Williams's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **GRANTED** to the extent it requests a bond hearing before an immigration judge.

## I. BACKGROUND

Petitioner is a citizen and native of Trinidad and Tobago. (Doc. 8-2 at 6). Petitioner was admitted to the United States at New York, New York on July 9, 2003, as a Non-Immigrant Visitor for Pleasure with authorization to remain in the United States until January 8, 2004. *Id.* at 8. Petitioner remained in the United States beyond January 8, 2004, without authorization. *Id.*

On July 26, 2007, Petitioner filed an I-485 Application to Register Permanent Residence or Adjust Status, which was denied on June 19, 2008.

*Id.* Petitioner filed a second I-485 on November 22, 2010, which was denied on February 3, 2012. *Id.* On April 19, 2012, United States Citizenship and Immigration Services issued Petitioner an I-862 Notice to Appear. *Id.* The immigration judge adjourned Petitioner's hearing scheduled for May 11, 2012, and ICE closed the case on September 12, 2012. *Id.* On February 22, 2018, United States Immigration and Customs Enforcement ("ICE") issued Petitioner another I-862 Notice to Appear, but the immigration judge again terminated the proceedings on October 29, 2021, and ICE closed the case. *Id.*

Petitioner filed a third I-485 Application to Register Permanent Residence or Adjust Status on November 25, 2019, which was approved on May 26, 2021. *Id.* Petitioner was granted status of a lawful permanent resident, IW-6, widows or widowers of United States citizens under §245 of the Immigration and Nationality Act ("INA"). *Id.*

On January 6, 2022, Petitioner was arrested by the Osceola County Sheriff's Office in Florida for Battery Touch or Strike, which was dropped/abandoned by the Osceola County Circuit Court in Florida on March 30, 2022. *Id.* at 9.

On June 21, 2024, Petitioner was convicted in the United States District Court for the Middle District of Florida of smuggling goods (i.e.,

firearms, firearm parts, and ammunition) from the United States in violation of 18 U.S.C. §554(a) and was sentenced to thirty-seven months of imprisonment. *Id.* at 7, 11. ICE agents encountered Petitioner on April 16, 2026, while Petitioner was incarcerated at the Federal Low Security Correctional Institution Allenwood in Allenwood, Pennsylvania. *Id.* at 7. ICE screened Petitioner, determined he was removable from the United States, and issued Petitioner an I-247A Immigration Detainer Notice of Action and I-200 Warrant of Arrest. *Id.* at 7.

On April 22, 2026, ICE served Petitioner with a Notice of Custody Determination advising Petitioner that he would be detained by the Department of Homeland Security ("DHS"). (Doc. 8-4 at 2). On the Notice of Custody Determination form, Petitioner marked that he requested an immigration judge review his custody determination. *Id.* Petitioner was served with a Warrant for Arrest on May 15, 2026, (Doc. 8-3 at 7), and taken into ICE custody the same day, (Doc. 1 at 1; Doc. 8 at 3).

On June 16, 2026, Petitioner appeared before an immigration judge from the Elizabeth Immigration Court. (Doc. 8-2 at 8). The immigration judge terminated the proceedings after DHS was unable to produce documents that the immigration judge requested during the hearing. *Id.* DHS issued Petitioner a new Notice to Appear on June 18, 2026, charging Petitioner as

removable under §237(a)(2)(A)(iii) and §237(a)(2)(C) of the INA. (Doc. 8-3 at 3, 7). On August 6, 2026, Petitioner was served with a Notice of Additional Charges stating that Petitioner was to be taken into custody and deported or removed from the United States pursuant to §237(a)(4)(A)(i). (Doc. 8-5 at 2). Petitioner is currently detained at Pike County Correctional Facility, Lords Valley, Pennsylvania. (Doc. 1 at 1; Doc. 8 at 3).

On August 31, 2026, Petitioner filed the present petition. (Doc. 1). On September 30, 2026, Respondents filed a response to the petition. (Doc. 8). On October 19, 2026, Petitioner filed a traverse. (Doc. 9). Petitioner's petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may

be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as Petitioner's claim neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as Petitioner does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Petitioner does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held

that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1226(c), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

**c. Petitioner's detention under 8 U.S.C. §1226(c) is proper.**

8 U.S.C. §1226(c)(1)(B) requires mandatory detention of a noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8. U.S.C. §1226(c)(1)(B). Section 1227(a)(2)(C) covers "[c]ertain firearm offenses," specifically "[a]ny alien who at any time after admission is convicted under

any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable." 8 U.S.C. §1227(a)(2)(C). Further, 8 U.S.C. §1226(c)(1)(C) requires mandatory detention of a noncitizen who "is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year." 8. U.S.C. §1226(c)(1)(C). Petitioner previously pleaded guilty to smuggling firearms in violation of 18 U.S.C. §554(a) and was sentenced to thirty-seven months of imprisonment. (Doc. 8-2 at 45-46). Accordingly, Petitioner is properly detained under §1226(c).

**d. Petitioner's detention has become unreasonably prolonged.**

"To determine whether prolonged detention is unreasonable, a 'highly-specific-fact-inquiry,' this Court must consider 'a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable.'" *Rahmatov v. Lowe*, 2026 WL 837974, *2 (M.D.Pa. Mar. 26, 2026) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020)). "The most important factor is the duration of

detention." *German Santos*, 965 F.3d at 211. Duration is "evaluate[d] . . . along with all other circumstances," including: (1) "whether the detention is likely to continue," (2) "the reasons for the delay," and (3) "whether the alien's conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 476-77 (3d Cir. 2015)).

With respect to Petitioner's duration of detention, he has been in immigration custody since May 15, 2026, i.e., for around five and a half months. In *German Santos*, the Third Circuit noted that "detention becomes more and more suspect after five months," and that "detention became unreasonable sometime between six months and one year." *Id.* This factor currently weighs against relief, and the Court notes that "9.5 months is less than the periods typically found unreasonable in this district." *Yirenkyi v. Hoover*, 2026 WL 268230, at *4 (M.D.Pa. Feb. 2, 2026).

However, the Court also recognizes that the first factor may soon weigh in favor of relief. Indeed, the Court must consider whether Petitioner's detention is likely to continue. The Court finds that it is, as immigration proceedings with respect to his removability are still ongoing, (Doc. 1 at 2; Doc. 8 at 5), and depending on the outcome, could later go through a lengthy appeals process.

As for the reasons for delay, a review of Petitioner's proceedings reveals that neither party is responsible. Accordingly, this factor is neutral.

Finally, the Court finds that Petitioner's conditions of confinement are not meaningfully different from criminal punishment. *See German Santos*, 935 F.3d 203 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment); *see also Rahmatov*, 2026 WL 837974, at *3 (holding that petitioner's confinement at Pike County Correctional Facility "looks penal"). Respondents argue that "[a]lthough the Court in *German Santos* determined that his conditions weighed in favor of petitioner in that he had been 'currently confined to his cell twenty-three hours a day,' such is not the case here." (Doc. 8 at 20). The Court is unpersuaded by this argument. A petitioner obviously need not be detained under such extremely punitive conditions as twenty-three hours a day in one's cell for their confinement to be akin to criminal punishment. The mere fact that Petitioner, a civil immigration detainee, is housed in a criminal facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Where, as here, "civil detention under §1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the Court finds that Petitioner's detention under 8 U.S.C. §1226(c) has become unreasonable. He has been detained for around five and a half months with no indication that his detention will end anytime soon, and his detention appears penal in nature. Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, where "the Government must put forth clear and convincing evidence that continued detention is necessary" and show that Petitioner "would likely flee or pose a danger to the community if released." *Id.* at 213.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** to the extent it requests a bond hearing before an immigration judge. Respondents will be required to provide Petitioner with an individualized bond hearing before an immigration judge within fourteen days, at which the Government shall bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213-14. Respondents will also be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner received a bond hearing in accordance with this Memorandum. An appropriate order will follow.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/4/26
26-2500-01